MEANS *v*. AMERICAN EQUITABLE ASSURANCE COMPANY.

4-2636

Opinion delivered July 4, 1932.

*Tom F. Digby*, for appellant.

*Verne McMillen* and *Terrell Marshall*, for appellee.

SMITH, J. On October 28, 1930, a thief abandoned an automobile which he had stolen in one of the streets of the city of North Little Rock, a city of the first-class. When the presence of the car was discovered, the chief of police of that city directed appellant, who operates a public garage in that city, to remove the car from the streets and to place it in storage. This appellant did.

The city of North Little Rock has an ordinance relating to motor vehicles abandoned in the streets of that city, the relevant portions of which are to the following effect: Such cars are to be seized by any member of the police department. The owner may identify and recover the car without cost within twenty-four hours after being notified to appear and claim his car. If the owner is unknown, the chief of police shall publish notice that the

car has been seized, and the owner may, within two weeks, identify and recover his car "upon payment of all storage charges and cost of posting and publishing notice." If the abandoned vehicle remains unclaimed for a period of thirty days or more, the chief of police is required to sell it after notice published in a local newspaper, and to hold the proceeds of sale, less costs, for six months, during which time the owner may establish his title and claim the net proceeds of the sale. There was no sale of the car in question.

The owner of the stolen car carried theft insurance with appellee, American Equitable Assurance Company, hereinafter referred to as the company, and he collected from the company the insurance carried upon the car. Upon making this payment the company took a bill-of-sale for the car from the owner.

Later an agent of the company discovered the car in the possession of appellant, who offered to surrender it upon payment of his charges. This demand was refused, and the company brought replevin for the possession of the car.

It was evidently the opinion of the circuit judge, in the trial of this cause in the court below, that the ordinance, set out above, was invalid, as the jury was instructed that appellant had no right to hold the car for his charges and to allow nothing on that account. The cause was submitted under instructions which required the jury to find the value of the car and the damages arising from its detention, and this appeal is from a judgment rendered upon the verdict thus returned.

Inasmuch as we do not concur in the view that the ordinance was invalid and that no rights were acquired under it, we find it unnecessary to decide certain questions which have been discussed in the briefs on this appeal.

Counsel for the company correctly say that no authority has been expressly conferred by the General Assembly, even in the statute conferring certain en-

larged powers upon cities of the first and second class, to pass the ordinance in question; but we think this power is necessarily implied from those which were expressly granted by § 7494, Crawford & Moses' Digest to all municipalities, commonly known as the "general welfare" clause. This section provides, in part, that"* * * they (municipalities) shall have power to make and publish such by-laws and ordinances, not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof."

We think the power is implied under this grant to pass ordinances providing for the removal of abandoned motor vehicles in the streets of a town or city which, if not removed, would obstruct and menace traffic; and we think also that the ordinance in question was a reasonable exercise of this implied power, and that the action of the chief of police was authorized by the ordinance.

This being true, appellee should have paid a reasonable charge for storing the car. There was, however, no compliance with the ordinance in regard to advertising the recovery of the car, nor with its provisions in regard to its sale. On the contrary, it appears that appellant kept the car in his possession and made certain personal use of it. We are therefore of the opinion that the value of this use of the car to appellant should be offset against the storage charges.

We say the value of the use made of the car by appellant, and not the value of its use generally or the value thereof to the owner, should be assessed by the jury, for the reason that the true owner was not wrongfully deprived of its possession. Appellant had the right to retain possession, but, as he used the car without having the ordinance under which he held it complied with, he should

pay for the value of the use which he made of it, or any damages to the car resulting from such use.

The judgment of the court below will therefore be reversed, and the cause will be remanded with directions to try the issues stated in accordance with the principles herein announced.